# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**JESSE WADE COWELL**                                                                                          **PLAINTIFF**

v.                                          **Case No. 4:22-CV-00658-LPR**

**DOES, Officers, Tucker Unit,**
**Arkansas Department of Corrections, et al.**                                               **DEFENDANTS**

## ORDER

Mr. Cowell brings this *pro se* complaint under 42 U.S.C. § 1983.  He sues for injuries allegedly sustained when corrections officers arrested him after finding him throwing contraband over the fence at the Tucker Unit of the Arkansas Department of Corrections (ADC).[1]  The law requires the Court to screen the Complaint.[2]

On the evening of December 21, 2021, officers found Mr. Cowell on ADC property.[3]  Mr. Cowell alleges that, during his arrest, he was subjected to excessive force.  He says Lieutenant Hadley and Sergeant Caudell shot at him to stop him from fleeing and, when they caught up to him, beat him and stole his property.[4]  Specifically, Mr. Cowell alleges that he stopped running when Lt. Hadley and Sgt. Caudell shot at him, at which point those two Defendants handcuffed him.[5]  He says he was beaten with closed fists and kicked with steel-toed boots.[6]  He also says that—in addition to Sgt. Caudell and Lt. Hadley—Sergeant Ramey, Warden Budnik, and Major

---

[1] Compl. (Doc. 1) at 4–5.

[2] 28 U.S.C. § 1915(e)(2).

[3] Compl. (Doc. 1) at 4.

[4] *Id.*; Suppl. to Compl. (Doc. 32) at 1.  Because Mr. Cowell is proceeding *pro se*, the Court will consider Docs. 20 and 32 as supplements to his original Complaint, not replacements for it.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." (cleaned up)); *see generally* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

[5] Suppl. to Compl. (Doc. 32) at 1.

[6] *Id.*

Griffen were "involved in [the] beating . . . ."[7] Specifically, he claims they were among the arresting officers that "took turns kicking and punching [him]."[8]

As a result of the force, Mr. Cowell alleges that his back and cheek bones were broken and that he suffered bleeding between his lungs and ribcage.[9] Mr. Cowell also states that his skull was fractured and that he suffered intercranial bleeding.[10] He maintains that he begged the officers to stop by saying, "I [am] not resisting."[11] Mr. Cowell provides hospital records to support his injury allegations.[12] Mr. Cowell sues all Defendants in their official and individual capacities for violating his civil rights.[13] He is suing for money damages.[14]

A *pro se* plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted.[15] Regardless of whether a plaintiff is represented or is appearing *pro se*, a "complaint must allege facts sufficient to state a claim as a matter of law."[16] While *pro se* complaints must be reviewed liberally,[17] in order to succeed on a § 1983 claim, Mr. Cowell must allege (1) a violation of a constitutional right, and (2) that a person acting under

---

[7] Suppl. to Compl. (Doc. 20) at 1.

[8] Compl. (Doc. 1) at 4 ("[The officers] cuffed [Mr. Cowell] and took turns kicking and punching [him]. 5 to 8 officers were involved in the beating . . . ."); Suppl. to Compl. (Doc. 20) at 1 ("Sgt. D. Ramey, Warden Budnik, and Duty Warden Major Griffen [were] the [o]fficers involved in [Mr. Cowell's] beating at Tucker ADC . . . .").

[9] Suppl. to Compl. (Doc. 32) at 1.

[10] *Id.*

[11] *Id.*

[12] Compl. (Doc. 1) at 14–37.

[13] *Id.* at 5, 7.

[14] *Id.* at 9.

[15] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

[16] *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006).

[17] *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

the color of state law committed the violation.[18]

Excessive force claims arising from either an arrest or investigatory detention are examined under a reasonableness standard.[19] Such claims are very fact specific and turn on "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."[20] Mr. Cowell asserts that Lt. Hadley and Sgt. Caudell shot at him and severely beat him resulting in injuries that required hospitalization. He also says the remaining Defendants took turns punching and kicking him in the same beating. Mr. Cowell has met the burden of moving forward with his individual-capacity excessive-force claims against all Defendants.[21] Mr. Cowell's official-capacity damages claims against all Defendants, however, cannot proceed. Claims for monetary damages against state actors acting in their official capacity are barred by sovereign immunity.[22]

The clerk is directed to prepare summonses for all Defendants. The U.S. Marshal is directed to serve the summonses, Complaint, both supplements to the Complaint,[23] and this Order on all Defendants without prepayment of fees and costs or security, restricted delivery. Service

---

[18] 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).

[19] *See, e.g.*, *Joseph v. Donahue*, 392 F. Supp. 3d 973, 990 (D. Minn. 2019) (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)).

[20] *Id.* (citing *Graham*, 490 U.S. at 397).

[21] The Court takes judicial notice of Mr. Cowell's Jefferson County case. *See Catholic Ord. of Foresters v. U.S. Bancorp Piper Jaffray, Inc.*, 337 F. Supp. 2d 1148, 1159 (N.D. Iowa 2004) ("The court may also take judicial notice of public records, such as the docket and pleadings of pending judicial proceedings, pursuant to Rule 201 of the Federal Rules of Evidence."). Mr. Cowell is presently facing 23 felony counts of furnishing, possessing, using, or delivering prohibited articles. *See* Arkansas Judiciary Website, Docket Search, http://caseinfo.arcourts.gov; *State v. Cowell*, 35CR-22-173 (Jefferson County) (Information). Although Mr. Cowell's arrest resulted in his current state criminal charges, there is no apparent overlap in his excessive force claims against the officers and his state felony charges. Therefore, the Court is satisfied that the *Younger* Abstention Doctrine is not in play. *See Younger v. Harris*, 401 U.S. 37 (1971).

[22] *See Fegans v. Norris*, 537 F.3d 897, 908 (8th Cir. 2008) (stating that state employees "acting in their official capacity are immune from civil suits for damages"); *cf. Hagemeier v. Block*, 806 F.2d 197, 202 (8th Cir. 1986) ("Sovereign immunity bars claims against federal officials in their official capacities unless a waiver of sovereign immunity is 'unequivocally expressed.'" (internal quotation marks omitted) (citation omitted)).

[23] Docs. 20 and 32.

for Defendants should be made through the ADC Compliance Office, P.O. Box 20550, Pine Bluff, AR 71612.

    IT IS SO ORDERED this 11th day of April 2023.

                                                _____
                                                LEE P. RUDOFSKY
                                                UNITED STATES DISTRICT JUDGE